AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Middle District of Alabama

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Carlos Orlando Tiul-Caal | ) | Case Number: 1:25-cr-229-RAH-KFP |
| | ) | USM Number: 74532-511 |
| | ) | Christine Freeman |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of the Felony Information dated May 13, 2025

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 USC 1326(a) | Illegal Reentry | 3/29/2025 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/13/2025
Date of Imposition of Judgment

_[signature]_
Signature of Judge

R. Austin Huffaker, Jr., United States District Judge
Name and Title of Judge

5/13/2025
Date

Judgment — Page 2 of 4

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served. No supervised release to follow.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page **3** of **4**

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|--------|----------------|-----------------|----------|----------------------|------------------------|
| TOTALS | $ 100.00       | $               | $        | $                    | $                      |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|--------------------------|-----------------------------|
|                   |                  |                          |                             |

| TOTALS | $ 0.00 | $ 0.00 |
|--------|--------|--------|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Any and all monetary penalty payments shall be made payable to the Clerk, U.S. District Court, One Church Street, Montgomery, Alabama 36104.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP
DISTRICT: Middle District of Alabama

# STATEMENT OF REASONS
**(Not for Public Disclosure)**

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

**I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

- A. ☐ **The court adopts the presentence investigation report without change.**

- B. ☐ **The court adopts the presentence investigation report with the following changes.** *(Use Section VIII if necessary)*
  *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report.)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings**: *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

- C. ☑ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
  Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

**II. COURT FINDING ON MANDATORY MINIMUM SENTENCE** *(Check all that apply)*

- A. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

- B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐ findings of fact in this case: *(Specify)*

   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

- C. ☑ No count of conviction carries a mandatory minimum sentence.

**III. COURT DETERMINATION OF GUIDELINE RANGE**: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: 6
Criminal History Category: I
Guideline Range: *(after application of §5G1.1 and §5G1.2)* 0 to 6 months
Supervised Release Range: ___ to 1 years
Fine Range: $ 500 to $ 9,500

☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP
DISTRICT: Middle District of Alabama

# STATEMENT OF REASONS

**IV.   GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

A. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

C. ☐ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual. *(Also complete Section V.)*

D. ☑ The court imposed a sentence otherwise outside the sentencing guideline system (i.e., a variance). *(Also complete Section VI)*

**V.   DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
☐ above the guideline range
☐ below the guideline range

B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

1. **Plea Agreement**
   ☐ binding plea agreement for departure accepted by the court
   ☐ plea agreement for departure, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense departure motion.

2. **Motion Not Addressed in a Plea Agreement**
   ☐ government motion for departure
   ☐ defense motion for departure to which the government did not object
   ☐ defense motion for departure to which the government objected
   ☐ joint motion by both parties

3. **Other**
   ☐ Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use Section VIII if necessary)*

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP
DISTRICT: Middle District of Alabama

# STATEMENT OF REASONS

**VI. COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

A. **The sentence imposed is:** *(Check only one)*
   ☐ above the guideline range
   ☑ below the guideline range

B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
   1. **Plea Agreement**
      ☐ binding plea agreement for a variance accepted by the court
      ☐ plea agreement for a variance, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense motion for a variance
   2. **Motion Not Addressed in a Plea Agreement**
      ☐ government motion for a variance
      ☐ defense motion for a variance to which the government did not object
      ☐ defense motion for a variance to which the government objected
      ☐ joint motion by both parties
   3. **Other**
      ☐ Other than a plea agreement or motion by the parties for a variance

C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
   ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1)
      ☐ Mens Rea           ☐ Extreme Conduct              ☐ Dismissed/Uncharged Conduct
      ☐ Role in the Offense ☐ Victim Impact
      ☐ General Aggravating or Mitigating Factors *(Specify)* _____
   ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
      ☐ Aberrant Behavior           ☐ Lack of Youthful Guidance
      ☐ Age                         ☐ Mental and Emotional Condition
      ☐ Charitable Service/Good Works  ☐ Military Service
      ☐ Community Ties              ☐ Non-Violent Offender
      ☐ Diminished Capacity         ☐ Physical Condition
      ☐ Drug or Alcohol Dependence  ☐ Pre-sentence Rehabilitation
      ☐ Employment Record           ☐ Remorse/Lack of Remorse
      ☐ Family Ties and Responsibilities  ☐ Other: *(Specify)* _____
      ☐ Issues with Criminal History: *(Specify)* _____
   ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐ To afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☐ To protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐ To provide the defendant with needed educational or vocational training (18 U.S.C. § 3553(a)(2)(D))
   ☐ To provide the defendant with medical care (18 U.S.C. § 3553(a)(2)(D))
   ☐ To provide the defendant with other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
   ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) (Specify in section D)
   ☐ To provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))
      ☐ Acceptance of Responsibility   ☐ Conduct Pre-trial/On Bond   ☐ Cooperation Without Government Motion for Departure
      ☐ Early Plea Agreement           ☐ Global Plea Agreement
      ☐ Time Served *(not counted in sentence)* ☐ Waiver of Indictment ☐ Waiver of Appeal
   ☐ Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007)*: *(Specify)* _____

   ☐ Other: *(Specify)* _____

D. **State the basis for a variance.** *(Use Section VIII if necessary)*
   Early guilty plea.

AO 245B (Rev. 09/19)  Case 1:25-cr-00229-RAH-KFP   Document 37   Filed 05/13/25   Page 8 of 8
Judgment in a Criminal Case                                                        Not for Public Disclosure
Attachment (Page 4) — Statement of Reasons

DEFENDANT: Carlos Orlando Tiul-Caal
CASE NUMBER: 1:25-cr-229-RAH-KFP
DISTRICT: Middle District of Alabama

# STATEMENT OF REASONS

**VII. COURT DETERMINATIONS OF RESTITUTION**

A. ☑ **Restitution Not Applicable**.

B. **Total Amount of Restitution:** $ _____

C. **Restitution not ordered:** *(Check only one)*

   1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
   2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
   3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
   4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
   5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
   6. ☐ Restitution is not ordered for other reasons. *(Explain)*
   _____

D. ☐ **Partial restitution is ordered for these reasons** *(18 U.S.C. § 3553(c))*:

**VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE** *(If applicable)*

Defendant's Soc. Sec. No.: n/a
Defendant's Date of Birth: 11/10/1997
Defendant's Residence Address: Guatemala
Defendant's Mailing Address: Unknown

Date of Imposition of Judgment: 5/13/2025
Signature of Judge: [signature]
Name and Title of Judge: R. Austin Huffaker, Jr., U.S. District Judge
Date Signed: 5/13/2025